IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.
                                                                                               CR No. 17-2490 KG
                                                                                               Civ No. 21-452 KG-CG

GABRIELA RUIZ-LUJAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion for Hardship Credit for Hard Time Served (Motion). (CV Doc. 3). Also before the Court are her letters supplementing the Motion. (CV Docs. 1, 2). Defendant seeks two days of sentence credit for every one day of "hard time" she serves in prison. Alternatively, she appears to raise unspecified claims under 28 U.S.C. § 2255. Having carefully reviewed the record and applicable law, the Court will deny the Motion but allow Defendant to amend her Section 2255 claims.

*I. Background*

On April 12, 2018, Defendant signed a Plea Agreement in two federal cases, CR No. 17-2490 KG and CR 18-1054 KG. In the first case, she pled guilty to Distribution of 500 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and Aiding and Abetting in violation of 18 U.S.C. § 2. (Doc. 40) in CR No. 17-2490. She also pled guilty to Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. §§ 1956(a) and (h). (Doc. 4) in CR No. 18-1054. The Court sentenced Defendant to a total term of 87 months imprisonment. Judgment was entered in both cases on August 20, 2019. (Doc. 49) in CR No. 17-2490; (Doc. 16) in CR No. 18-1054. Defendant is serving her sentence at FCI Aliceville in Alabama. (CV Doc.

3) at 3. Her projected release date is August 9, 2023. *See* https://www.bop.gov/inmateloc/.

Defendant filed the instant Motion and letters on May 6, 2021. She contends the conditions of confinement at FCI Aliceville violate the Eighth Amendment. She allegedly spent 365 days in lockdown; the meals are gruel; the water is discolored; and she has limited access to medical care or hygiene supplies. (CV Doc. 3) at 4-5. Based on these issues, Defendant asks the Court to reduce her sentence and award two days of credit for every one day served. *Id.* at 2. Defendant filed a Letter of Petition with the Motion, which reiterates her Eighth Amendment claims. (CV Doc. 2). She also filed a Letter of Representation, which cites 28 U.S.C. § 2255. (CV Doc. 1). The Court will evaluate each filing below.

*II. Discussion*

District courts do "not have inherent power to resentence defendants" or modify criminal judgments. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). The Court can only "modify a Defendant's sentence ... in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* There is no federal statute that permits shorter sentences for inmates serving "harder" time in certain prisons. *See U.S. v. Herrera*, 2018 WL 6171888, at *1 (D.N.M. Nov. 26, 2018) (denying identical motion for hard time served); *U.S. v. Green*, 2021 WL 1929552, at *1 (S.D. Ga. May 13, 2021) (same); *U.S. v. Mitchell*, 2021 WL 1827202, at *1 (E.D. Mich. May 7, 2021) (same); *U.S. v. Huy Trinh*, 2017 WL 2242683, at *2 (N.D. Cal. May 23, 2017) (same); *U.S. v. Bear*, 2021 WL 1925488, at *1 (D.S.D. May 13, 2021) (there is "no federal statute ... that would allow a prisoner to receive two days credit for each day served on a sentence due to the conditions of confinement"). Hence, the Court must deny the request for a sentence reduction based on hard time served.

If Defendant wishes to "challenge[] [her] conditions of ... confinement," she "must do so through a civil rights action" in the District of confinement. *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). FCI Aliceville is located in Pickens County, in the Northern District of Alabama, Western Division. *See* 28 U.S.C. § 81(a)(5). The Clerk's Office will mail Defendant a form civil rights complaint, if she wishes to file such action in the Northern District of Alabama.

As to the letter citing Section 2255, Defendant can challenge her conviction or sentence in this Court. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *Fuimaona v. Hudson*, 845 F. App'x 795, 796 (10th Cir. 2021) (challenges to the imposed sentence "can be considered only by the sentencing court" via a motion under Section 2255). However, the letter does not raise any grounds for relief. (CV Doc. 1). The Clerk's Office mailed Defendant a form Section 2255 motion with instructions on May 14, 2021. The Court will direct Defendant to file an amended Section 2255 motion within thirty days of entry of this Order. If Defendant declines to timely amend her Section 2255 claims, the Court will dismiss the pending habeas case (Civ. No. 21-0452 KG-CG) without prejudice.

IT IS ORDERED:

1. Defendant's Motion for Hardship Credit for Hard Time Served (CV Doc. 3, supplemented by CV Doc. 2) is denied.

2. If Defendant wishes to challenge her conditions of confinement, she must file a civil rights complaint in Northern District of Alabama, Western Division. The Clerk's Office shall mail Defendant a blank civil rights complaint for filing in Alabama.

3. Defendant shall file an amended Section 2255 motion in this Court (District of New Mexico) within thirty (30) days of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE